IN THE

# SUPREME COURT

OF

## OREGON.

[Decided November 13, 1893; modified April 23, 1894.]

### GRAY v. PERRY.

[S. C. 34 Pac. Rep. 691.]

VENDOR AND PURCHASER — FORFEITURE OF REAL ESTATE CONTRACT.—
Where a contract for the sale of land provides that in case of default
in paying any installment of the price therein provided for it shall be
optional with the vendor to declare the contract cancelled and the
amount paid thereon forfeited, the vendor does not forfeit the vendee's
money or cancel the contract by conveying the land to a third person,
when this person takes the conveyance and pays the balance due on
the bond to the use and benefit of the original vendee — the transaction
amounts only to a transfer of the vendor's rights. The result of a
transfer by the vendor to a disinterested party after condition broken,
is referred to but not decided.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit by Chas. H. Gray against Jefferson
Perry and Walter Corbin and wife to enforce a claim
upon real property. The facts show that on May first,
eighteen hundred and ninety, the defendant, Walter
Corbin, entered into a contract with Messrs. Haight &
Donner, whereby they, in consideration of one hundred
and ten dollars paid down, and of seven hundred and
ninety dollars payable in installments of twenty dollars

on the first of each month, agreed to convey to him lots eleven and twelve of block twelve of Maegly Highland, in Multnomah County, Oregon. Said contract contains a provision that if default be made in the payment of any installment, it shall be optional with them to declare the contract cancelled, and the amount paid thereon forfeited. Mr. Corbin entered into the possession of the lots, made improvements thereon, and paid the installments to and including that of January first, eighteen hundred and ninety-one, but made no payments thereafter. On July thirty-first, eighteen hundred and ninety, the plaintiff, Gray, loaned three hundred dollars to Mr. Corbin, who, as security therefor, executed and delivered to him a deed for said lots, and since that time has made payments to the plaintiff which have reduced the amount of the loan still due to two hundred and twelve dollars and thirty-three cents. On November fourteenth, eighteen hundred and ninety-one, these lots with the improvements were reasonably worth one thousand three hundred dollars, while there was due on the contract only eight hundred and seventy-two dollars and twenty cents, and on that day G. T. Donner, who had acquired the legal title from Messrs. Haight & Donner, conveyed them, with another lot, to the defendant Jefferson Perry, who is the father-in-law of the plaintiff Gray, and of the defendant Walter Corbin. The plaintiff alleges that the defendant Perry advanced the amount due upon the contract as a loan to the defendant Corbin, and, by agreement with him, took the legal title as security therefor. The defendant Perry denied these allegations, and for a separate answer and defense, alleges that before these lots were conveyed to him, G. T. Donner had declared a forfeiture of the payments made by the defendant Corbin, and had cancelled the contract, and that he had purchased the property, and taken the title for his own use and benefit.

The court, after hearing the testimony, decreed that the lots be sold, and that the proceeds of such sale be applied, —first, to the payment of the costs; second, to the repayment of the eight hundred and seventy-two dollars advanced by the defendant Perry; third, to the repayment of the two hundred and twelve dollars and interest still due from the defendant Corbin to plaintiff; and, fourth, that the remainder be paid to the defendant Perry, from which decree he appeals. The plaintiff also appeals from that part which provides that his claim is subordinate to that of the defendant Perry.

MODIFIED.

*Mr. Francis D. Chamberlain* ( *Mr. Thomas N. Strong* on the brief), for Perry.

The important clause in the bond read as follows: "And it is understood and agreed between the parties that time is of the essence of this contract, and that the parties of the first part have the option to declare the amounts paid hereon forfeited and this contract cancelled unless the payments hereinbefore mentioned shall be made at the times and places herein provided."

1.   Donner had the right to cancel this contract since the bond declares time to be the vital part of the contract, and by its express terms provides for cancellation on Corbin's failure to promptly meet the deferred payments. The following cases aptly illustrate the rights of the parties: *Snider* v. *Lehnherr,* 5 Or. 385; *Fitch* v. *Boyd,* 55 Ill. 307; *Chrisman* v. *Miller,* 21 Ill. 227; *Benedict* v. *Lynch,* 1 Johns. Ch. 370, 7 Am. Dec. 484; *Prince* v. *Griffin,* 27 Iowa, 514; *Bullock* v. *Adams,* 20 N. J. Eq.; *Gray* v. *Tubbs,* 43 Cal. 359.

2.   The evidence clearly shows that Donner did cancel the bond; Corbin was nearly a year in default in his payments, and Donner had notified both him and Gray to pay

the installments or suffer a cancellation and forfeiture.

3.   Perry bought the property for himself and Corbin has no interest in it.   The purchase price which Corbin was to pay Donner for the two lots was nine hundred dollars.   Perry paid Donner for the two Corbin lots and a third lot, the note and mortgage of another party for one thousand eight hundred dollars, and some interest. A year afterwards, Perry sold the third lot for eight hundred dollars, leaving more than one thousand dollars that Perry paid Donner for the two Corbin lots.

4.   In any view of the case, Gray has no claim against the property as against Donner or his successor in interest, until he first pays the amount due on the bond.   The only interest Corbin ever had in the property was the right to a deed, on making the payments called for in the bond.   Until full payment was made, the property belonged to Donner, and he could do with it as he pleased.

*Mr. William M. Gregory,* for Gray.

The circumstances surrounding a transaction tell what the transaction was more plainly than direct testimony of the parties.   The acts of the parties at the time of a transaction speak plainer than words.   The findings of fact will, I think, not be disturbed by the court.   If the payment made by Perry to Donner was intended by Perry as a loan to Donner, I suppose it will not be denied that the results follow that Corbin's obligation to Donner was thereby satisfied, and that Perry, as between himself and plaintiff, held the title precisely as Corbin would have held it, had the deed from Donner been made to him, that is, subject to the mortgage made by Corbin, in plaintiff's favor.

That an interest in land, such as Corbin held under

contract of purchase, may be mortgaged: See *Bank of Louisville* v. *Baumeister*, 7 S. W. 170, 87 Ky. 6.

PER CURIAM.

The question whether G. T. Donner had declared a forfeiture and cancellation of the contract must be decisive of this appeal. It is contended that the deed from Donner to Perry was a forfeiture of said contract. If it be admitted that this conveyance was another and different sale of the property from that agreed to be made to the defendant Corbin, then it would be a forfeiture of his contract: *Chrisman* v. *Miller*, 21 Ill. 227. Mr. Perry testifies that he bought the lots for his own use and benefit, and that there was no agreement entered into whereby he should hold the title for Mr. Corbin. He also testified that he was willing to convey the property to the plaintiff upon the repayment of his money. Mr. Corbin's testimony, in the main, corroborates that of Mr. Perry, but he says that he supposed he could secure the lots by paying Mr. Perry his money. Mr. Donner testified that when he was negotiating with Mr. Perry for the sale of these lots, he told him that if they made a contract he wanted him to stand between him and Mr. Gray, and that Mr. Perry agreed to see that he got into no trouble about the matter. The record shows that when Mr. Perry paid the money and took the deed, Mr. Donner made the following entry in his books: "Eighteen hundred and ninety-one, November fourteenth. Walter Corbin by J. L. Perry (twelve) eight hundred and seventy-two dollars and twenty cents." It also shows that Mr. Corbin has been living on this property without paying any rent, and that Mr. Perry is now living with him, and that they are on friendly terms, while Mr. Gray and his wife are not very friendly to Mr. Perry. From a careful examination of the record, we conclude that there had

been no forfeiture or cancellation of the contract, that the conveyance to Mr. Perry was for the use of Mr. Corbin, and hence the decree is affirmed.

## ON REHEARING.

PER CURIAM.

Upon consideration of the petition for rehearing in this suit, and a reëxamination of the questions presented by the transcript herein, it appears that the decree of the court below and of this court should be modified as follows: 1. That plaintiff have a decree against the defendant Corbin for two hundred and twelve dollars and thirty-three cents, and interest thereon, together with his costs and disbursements, and for the foreclosure of the lien of his mortgage. 2. That plaintiff have the right to redeem the property from the defendant Perry upon the payment of eight hundred and seventy-two dollars and twenty cents, and legal interest thereon from November fourteenth, eighteen hundred and ninety-one, within ninety days from the entry of the mandate in the court below, and if no redemption be made within that time, plaintiff's right to redeem be forever barred and foreclosed. 3. If redemption be made within the prescribed time, then the property to be sold under plaintiff's decree and the proceeds applied as follows: (1) To the expenses of the sale and the costs and disbursements of this suit. (2) To the satisfaction of plaintiff's claim, including the amount due from the defendant Corbin, and the amount paid the defendant Perry upon redemption, and legal interest on each amount. (3) The remainder, if any, to be paid to the defendant Perry. And it is so ordered.          MODIFIED.